STURGIS v. FIFTH AVE. COACH CO.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. PLEADING—ADMISSIONS—PERSONAL INJURIES.

The failure to deny an allegation, in a complaint for personal injuries sustained by a passenger on a stagecoach, that defendant was operating a line of stagecoaches, admits that defendant was operating such a line, but not that it was operating the coach by which plaintiff was traveling when injured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 270–275.]

2. CARRIERS—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—EVIDENCE.

In an action for injuries to a passenger against a carrier who maintains a system of reporting by employés of accidents and of claims against it therefor, the carrier may show that its employés did not report to it the happening of any accident and that the first notice of the claim was from plaintiff.

3. WITNESSES—CONTRADICTION—CREDIBILITY.

In an action for injuries to a passenger on a stagecoach, plaintiff testified that she was injured in March, and that she put the claim in the hands of an attorney shortly afterward. The attorney did not present the claim until May. *Held*, that evidence of defendant's claim agent as to when plaintiff first made a claim arising out of her alleged accident was inadmissible to contradict plaintiff and affect her credibility.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 1277.]

4. EVIDENCE—OPINION EVIDENCE—CONCLUSIONS.

Testimony of a witness, having knowledge that there is a stagecoach line on a certain street, as to whether there is any other such line on the street, is not objectionable as a conclusion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2149–2185.]

Appeal from Trial Term, New York County.

Action by Marion Sturgis against the Fifth Avenue Coach Company for personal injuries while a passenger on a stagecoach. From a judgment for defendant and from an order denying plaintiff's motion for a new trial, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, LAUGHLIN, and HOUGHTON, JJ.

Lewis L. Delafield, for appellant.
George S. Wing, for respondent.

HOUGHTON, J. The plaintiff claims to have been injured while riding as a passenger in one of defendant's stagecoaches, by the negligent shutting of the door by the driver. The issues litigated upon the trial not only embraced defendant's negligence and plaintiff's lack of contributory negligence, but whether or not plaintiff received any injuries at all in any stagecoach, or, if she did, whether or not it was in one belonging to this defendant. By its failure to deny the allegation, defendant admitted that it was operating a stage line for the carriage of passengers on Fifth avenue, in the city of New York; but it did not admit that it was operating the one by which plaintiff was traveling as a passenger. The jury found a verdict for the de-

fendant, and the plaintiff appeals, and urges exceptions to the admission and exclusion of evidence which we think are well taken.

Defendant maintains a system of reporting by employés of accidents and of claims made against it therefor. The defendant called as a witness the assistant manager of its claim department, and asked him when plaintiff first made a claim arising out of her alleged accident, and against plaintiff's objection the evidence was allowed, on the ground that it tended to contradict the plaintiff and affected her credibility. The accident was claimed to have occurred in March, and the claim, in the form of a letter from plaintiff's attorney to defendant's attorney, was not made until the May following. The plaintiff had not testified that she presented any claim before May. She did testify that she put the claim in the hands of her attorney shortly after the accident. There was no reason, therefore, for admitting the evidence to contradict anything that plaintiff had testified to.

It was proper to permit defendant to prove that its employés did not report to it the happening of any accident, and, if its first knowledge of the happening of an accident came through a notice of claim from plaintiff, to prove that fact. The rule permitting a transportation corporation, which has adopted a system of reporting accidents by its employés, to prove that it received no notice of the happening of the accident at the time when it is alleged to have occurred, has been adopted from the necessities of the situation. Accidents and employés of such corporations are both numerous. A report by an employé that an accident has happened upon his car or vehicle enables the defendant to investigate it at once and to ascertain who the witnesses are and to what facts they can testify. Lack of report does not prove absence of accident. The only probative force of lack of report is to excuse the defendant from calling witnesses who might explain the situation or contradict the testimony of those produced by a plaintiff. Never having had any report that an accident has happened, the defendant does not know what driver, or motorman, or conductor to call as a witness; and it can prove the lack of report for the purpose of excusing itself from the imputation of not having called witnesses who might have explained the situation.

Long and unexplained delay in making any claim on the part of a plaintiff of the happening of an accident might, under certain circumstances, be taken as indicating that the claimed accident never occurred. No such situation existed, however, on the part of this plaintiff. She placed the claim in the hands of her attorney at once, and it did not affect her credibility or tend to contradict her that the attorney delayed presenting the claim to the defendant.

In addition, the plaintiff asked a witness, an employé of defendant and familiar with the situation, whether at the time of the accident there was any stage line running on Fifth avenue other than the one operated by defendant. The answer was excluded, on the ground that it called for the conclusion of the witness. The witness knew that defendant was so operating a stage line, and whether or not any other line of stages was being regularly operated up and down the avenue was a fact which he could state, if he knew. The evidence

was material, because defendant insisted upon the trial that, if plaintiff was injured at all, she was hurt in the stage of some other line than its own. The error was not cured by the equivocal testimony which the witness was subsequently permitted to give.

The errors we have pointed out were material, and may have affected the verdict of the jury.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, P. J., and McLAUGHLIN and LAMBERT, JJ., concur. LAUGHLIN, J., concurs in result.